IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ____ D.C.
05 OCT -5 PM 2: 30
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| MARY T. GODWIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.   02-2532 D/An |
| | ) | |
| CHARLES P. BAKER | ) | |
| d/b/a BAKER PROPERTIES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RULE 37 SANCTIONS AND/OR FOR AN ORDER TO SHOW CAUSE

Before the Court is Plaintiff's Motion for Rule 37 Sanctions and/or for An Order to Show Cause filed on March 16, 2005. United States District Judge Bernice B. Donald referred this matter to the Magistrate Judge for determination, and the Court held a hearing on this matter on July 21, 2005.

On September 16, 2004, Plaintiff served discovery requests on Defendant, and Defendant failed to timely respond to these requests. Plaintiff then filed a Motion to Compel with the Court, and the Undersigned granted the Motion to Compel on January 12, 2005. Defendant has still not responded to the discovery requests; therefore, Plaintiff filed the instant Motion for Sanctions with the Court.

On July 11, 2005, counsel for the Plaintiff filed a document with the Court entitled "Acknowledgment of Receipt of Charles P. Baker" (the "Acknowledgment"). The Acknowledgment states that Defendant is now represented by counsel, Mr. Norman Hagemeyer,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

and that Defendant has been provided copies of multiple documents, including Plaintiff's discovery requests and numerous other motions and Orders. The Acknowledgment further states that Defendant "acknowledges that a Show Cause Hearing is set for Thursday, July 21, 2005 at 10:30 a.m." Neither Defendant nor Mr. Hagemeyer, however, appeared for the hearing.

The Court entered an Order on July 27, 2005 ordering Defendant to completely respond to Plaintiff's Interrogatories and Requests for Production of Documents within 11 days of entry of the order. The Court reserved ruling, however, on Plaintiff's request for sanctions and/or for an Order to Show Cause until after Plaintiff's counsel had the opportunity to depose the Defendant.

On or about September 16, 2005, Plaintiff's counsel was able to depose Defendant and has sent a letter to the Court advising that he was unable to uncover any information that would suggest that Defendant willfully or knowingly ignored an Order of the Court regarding his discovery obligations. Therefore, the Plaintiff's Motion is **DENIED** as moot.

Pursuant to the Order of Reference, any objections to this Order shall be made in writing within ten days after service of this Order and shall set forth with particularity those portions of the Order objected to and the reasons for those objections.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: October 05, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 2:02-CV-02532 was distributed by fax, mail, or direct printing on October 5, 2005 to the parties listed.

---

John Hale Freeland
MARKOW WALKER & REEVES, P.A.
P.O. Drawer 50
Oxford, MS 38655

Thomas Lang Wiseman
WISEMAN BIGGS BRAY PLLC
1665 Bonnie Lane
Ste. 106
Memphis, TN 38016

Norman P. Hagemeyer
HAGEMEYER LAW FIRM
6801 Summer Ave.
Ste. 106
Memphis, TN 38134

Charles P. Baker
7199 Plantation Circle
Germantown, TN 38138

Honorable Bernice Donald
US DISTRICT COURT